IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEEL S. STYLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2201-K-BN |
| | § | |
| AIR SERVE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* employment discrimination action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The Court has granted Plaintiff Teel S. Styles leave to proceed *in forma pauperis*, *see* Dkt. No. 5, and issued a questionnaire to screen her claims, *see* Dkt. No. 6, and Styles has submitted "additional exhibits" to her complaint, *see* Dkt. No. 8. The undersigned now issues the following findings of fact, conclusions of law, and recommendation that, because Styles's claims appear to be time-barred, the Court should dismiss this action without prejudice to Styles's right to file an amended complaint within a reasonable amount of time asserting her right to equitable tolling.

**Applicable Background**

Through her complaint dated July 30, 2017 (and filed August 18, 2017), Styles brings claims of discrimination (based on race, gender, and age) and retaliation against

Defendant Air Serve Corporation. *See generally* Dkt. No. 3 (alleging federal question as the basis for jurisdiction). The Charge of Discrimination included in the complaint was filed on or about April 18, 2017, and the Equal Employment Opportunity Commission (the "EEOC") issued a right-to-sue letter on April 20, 2017. *See id.* at 6-10. Therefore, even using July 30, 2017 as the applicable date, this action was filed more than 100 days after the EEOC issued the right-to-sue letter.

## Legal Standards and Analysis

A district court is required to screen a civil action filed *in forma pauperis* and may summarily dismiss that action if it concludes, for example, that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *cf. Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (verified responses to interrogatories issued "[t]o aid in the determination of whether an IFP complaint is frivolous," "become part of the plaintiff's pleadings" (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996))).

And, if "'it is clear from the face of a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." *Wilson v. U.S. Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)); *see also Meriwether v. ABC Training / Safety Council Tex. Gulf Coast Chapter*, No. 3:15-cv-862-N-BH, 2016 WL 8711726, at *2 (N.D. Tex. Oct. 24, 2016) ("Courts 'may raise the defense of limitations *sua sponte*,'" and, "'where "'it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B)."

(citations and brackets omitted)), *rec. accepted*, 2016 WL 871279 (N.D. Tex. Nov. 18, 2016).

Here, the EEOC issued the right-to-sue letter on April 20, 2017, and Styles "had 90 days from the date of receipt to file suit." *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 266 (5th Cir. 2015) (citing 42 U.S.C. § 2000e-5(f)(1) [Title VII]); *see also Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 208 (5th Cir. 2015) (per curiam) (as to a claim under the Age Discrimination in Employment Act, "[i]f the charge is dismissed, the plaintiff must file within ninety days of the receipt of a notice of dismissal from the EEOC" (citing 29 U.S.C. § 626(d); emphasis omitted)).

The Court's questionnaire, to which Styles failed to substantively respond, was issued in part to determine the date Styles received notice from the EEOC. *See* Dkt. No. 6 at 9 ("QUESTION NO. 7: Please state specifically when you received the Dismissal and Notice of Rights from the Equal Employment Opportunity Commission or the applicable state agency."). And, "where the date of receipt is not known, courts should apply a presumption that the plaintiff received the notice in three days." *Jenkins*, 784 F.3d at 267. Under that presumption, more than 90 days elapsed between Styles's receipt of the notice and her filing of this action.

"The ninety-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations. Thus, the ninety-day filing requirement is subject to equitable tolling." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (citing, respectively, *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985); *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 349 n.3 (1983)). But, in order for

a claim of equitable tolling to be viable, Styles must allege "(1) the pendency of a suit between the same parties in the wrong forum; (2) that she was unaware of facts giving rise to this claim because of [Defendant's] intentional concealment; or (3) that the EEOC misled her about the nature of her rights." *Garcia*, 631 F. App'x at 209 (citing *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (concluding that this circuit's precedent "leaves the door open to recognize other" bases for equitable tolling in this regard but recognizing that "[e]quitable tolling is to be applied 'sparingly'" and that "[t]he plaintiff has the burden to provide justification for" its application (citations omitted)); citations omitted).

Styles has neither alleged "any of the paradigmatic circumstances that justify equitable tolling" nor provided other justifications. *Deleon v. Gen. Insulation, Inc.*, 575 F. App'x 292, 294 (5th Cir. 2014) (per curiam). But she is proceeding *pro se*, and "[d]istrict courts typically allow a plaintiff at least one opportunity to amend [her] pleadings before dismissing a case unless it is apparent that the defects are incurable or that the plaintiff is unwilling or unable to amend her pleadings to avoid dismissal." *Owens v. Dallas Cty. Cmty. College Dist.*, No. 3:16-cv-3162-L, 2017 WL 3190727, at *4 (N.D. Tex. May 16, 2017) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)), *rec. accepted*, 2017 WL 3172748 (N.D. Tex. July 26, 2017). Styles's complaint should therefore be dismissed without prejudice to her filing – within a reasonable time to be set by the Court – an amended complaint to address her right to equitable tolling. *See id.*

## Recommendation

The Court should dismiss this action as time-barred without prejudice to Plaintiff Teel S. Styles's right to file an amended complaint within a reasonable amount of time asserting her right to equitable tolling.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 24, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE